UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-24507-Civ-COOKE/TURNOFF

GUSTAVO MORENO,

    Plaintiff

vs.

FERRETTI GROUP OF AMERICA, LLC, *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before me on the Defendant Ferretti Group of America, LLC's ("Ferretti") Motion to Dismiss. (ECF No. 11). I have reviewed the arguments, the complaint, and the relevant legal authorities. For the reasons provided in this order, the Defendant's Motion to Dismiss is denied.

### I. Background[1]

Plaintiff Gustavo Moreno brings a collective action, on behalf of himself and all other similarly situated employees, against Ferretti under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Ferretti is alleged to have employed Mr. Moreno as a boat detailer from October 7, 2007, through December 12, 2010. Although Mr. Moreno earned an average hourly rate of $15.00 per hour, he alleges that Ferretti failed to pay him overtime compensation. Defendant moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

---

[1] These facts are taken from the Plaintiff's Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

## II. Legal Standard

A claim for relief under Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). Though the court must consider the factual allegations in plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A court reviewing a motion to dismiss must limit its review "to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In essence, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1940 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. Analysis

The FLSA establishes minimum labor standards to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA provides in pertinent part:

> No employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Ferretti contends that the FLSA is inapplicable because it never employed Mr. Moreno within the meaning of the Act. Ferretti also argues that Mr. Moreno's collective action fails as a matter of law because Mr. Moreno did not file the required written consent to join the similarly situated plaintiffs. I will address each argument in turn.

*A. Requirements to State a Claim under the Fair Labor Standards Act*

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).  As applicable to the claims at issue, Mr. Moreno need only allege that Ferretti was his employer, Ferretti was engaged in interstate commerce, and that Ferretti failed to pay him overtime compensation.  *See* 29 U.S.C. §§ 203, 206, 207; *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (to establish a prima facie FLSA case, an employee must demonstrate an employment relationship, that the employer engaged in interstate commerce, and that the employee worked over forty hours per week but was not paid overtime wages).

*1. Employment*

Ferretti argues that it never "employed" Mr. Moreno, within the context of the FLSA, because Mr. Moreno was an independent contractor.  For purposes of the FLSA, an individual's status as an "employee" as opposed to an "independent contractor" depends upon six non-exhaustive factors: (1) the nature and degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer in equipment or materials required for the task; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; (5) the permanency of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *See Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008); *see also Santelices v. Cable Wiring,* 147 F. Supp. 2d 1313, 1319 (S.D. Fla. 2001); *see also Usery v. Pilgrim Equip. Co.,* 527 F.2d 1308, 1311 (5th Cir. 1976)[2].  Mr.

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Moreno alleges that he "worked as a boat detailer" for Ferretti from October 1, 2007, through December 12, 2010. (Compl. ¶¶ 12-13 (ECF No. 1)). I find that Mr. Moreno has pled sufficient facts to allege employment. The issue of whether Mr. Moreno was an independent contractor is a factual inquiry that is improper at this stage of the proceedings.

### 2. Interstate Commerce

The FLSA's wage requirements apply to enterprises engaged in commerce or in the production of goods for commerce, that has employees engaged in commerce or handles, sells or otherwise works on goods or materials that are in commerce, and has annual gross sales of $500,000.00 or more. *See* 29 U.S.C. § 203(s)(1)(A). Ferretti also argues that Mr. Moreno fails to show that he was engaged in commerce. I disagree, as even a casual reading of the complaint proves otherwise. The complaint alleges that Ferretti is an enterprise that grossed over $500,000.00 annually for the years 2007, 2008, 2009 and 2010. (Compl. ¶¶ 10, 15). Mr. Moreno also alleges that his work for Ferretti "affected interstate commerce for the relevant time period because the products and materials that [Mr. Moreno] used on a constant and continual basis and that were supplied to him by [Ferretti] to use on the job moved through interstate commerce." (Compl. ¶ 14). Mr. Moreno has sufficiently pled that Ferretti was engaged in commerce

### 3. Joint and Several Liability

Finally, Ferretti argues that Mr. Moreno's claims fail because Ferretti, Platinum Yacht Collection No. One, Inc., and Platinum Collection No. Two, Inc., are jointly and severally liable for FLSA violations. The Eleventh Circuit has identified eight factors for courts to consider when determining the existence of joint employment: (1) the nature and degree of control of the alleged joint employer over the employee; (2) the degree of supervision over work; (3) the right to hire, fire or modify the terms of employment; (4) the power to determine the worker's pay or

method of payment; (5) the preparation of payroll and payment of wagers; (6) the ownership of facilities where the work occurred; (7) the performance of a job integral to the business; and (8) the relative investment in the equipment and facilities. *Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996). Defendants Platinum Yacht Collection No. One, Inc., and Platinum Collection No. Two, Inc., have defaulted in this matter. (*See* ECF Nos. 30, 31, 34, 35). A "defendant, by his default, admits to plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). The determination of whether Ferretti, Platinum Yacht Collection No. One, Inc., and Platinum Collection No. Two, Inc., are jointly and severally liable requires, again, a factual inquire that is procedurally premature. Mr. Moreno adequately states a cause of action against Ferretti for an FLSA violation.

### B. *The Fair Labor Standard Act's Written Consent Requirement*

Ferretti also argues that Mr. Moreno's collective action requires him to file consent with this Court to join similarly situated plaintiffs, and that his failure to do so warrants dismissal. Indeed, the FLSA requires written consent in specific circumstances.

> An action to recover the liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (2008). "The consent in writing requirement [seeks] to eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit." *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (quotation and citation omitted). Section 216(b) only concerns plaintiffs who wish to join a collective action lawsuit.

5

A plaintiff is not foreclosed from joining other plaintiffs in a FLSA collective action for failure to file written consent. *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *3 (S.D. Fla. Oct. 15, 2010). The "statute does not mandate that such consent be filed contemporaneously with the complaint." *Id.*; *cf. Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1243 (11th Cir. 2008) (noting that 2,500 employees joined in the litigation of a FLSA claim during preliminary proceedings over three years after the original collective action complaint was filed). Therefore, Mr. Moreno is not foreclosed from joining other plaintiffs at this stage of the proceedings, although he has not filed written consent to do so. To require Mr. Moreno to plead the exact identities of persons who will participate in the collective action would be premature. Mr. Moreno's allegation that similarly situated employees were denied overtime compensation and minimum wages is sufficient to put Ferretti on fair notice that he may seek conditional certification of a collective action. Mr. Moreno's collective action will not proceed if the required consent is not filed at some point during the preliminary proceedings. If no similarly situated employee decides to opt-in, Mr. Moreno, as the named plaintiff, may proceed with his own claim. Defendant's Motion to Dismiss on this ground is therefore denied.

### IV. Conclusion

Mr. Moreno has sufficiently alleged that there existed an employer-employee relationship, that there was engagement of activities within the coverage of the FLSA, that Ferretti violated the overtime wage requirements, and that a definite amount of compensation is due. For the reasons provided it is **ORDERED and ADJUDGED** that Ferretti Group of America, LLC's Motion to Dismiss Complaint (ECF No. 11) is **DENIED**. Defendant is directed to file an answer to the complaint within seven (7) days of the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of September 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*